IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA                                                                    PLAINTIFF

v.                                                                  Civil Action No.: 3:16-cv-00217-MPM-RP

LULA PEGRAM a/k/a LULA SHAW;
VIOLET F. BOLES and
SERENITY FUNERAL HOME, LLC, d/b/a
SERENITY-AUTRY FUNERAL HOME                                                           DEFENDANT

## ORDER

This cause comes before the Court on plaintiff The Guardian Life Insurance Company of America's ("Guardian") *Motion for Preliminary Injunction* [5]. The Court has considered the motion, along with relevant authorities and evidence, and is now prepared to rule.

This case arises from a dispute as to the proceeds of a life insurance policy issued by Guardian to Albert Pinson ("the decedent"). The decedent was an employee of Wilder Fitness Equipment, Inc. and participated in the company's employee benefits plan ("the Plan"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

The decedent initially enrolled in the Plan on January 20, 2016. At that time, he completed a form naming his fiancée, Lula Pegram ("Pegram"), as the policy beneficiary. However, Guardian later received a beneficiary designation change form from the decedent, which was dated June 1, 2016, changing the policy beneficiary to his sister, Violet F. Boles ("Boles"). Shortly thereafter, on July 17, 2016, the decedent died. At the time of his death, he was enrolled under the Plan for basic life insurance coverage in the amount of $25,000. Thereafter, both Pegram and Boles submitted a claim form claiming entitlement to the policy proceeds. Guardian additionally received an insurance proceeds assignment form from Boles

1

purporting to assign $8,395 of the Plan benefits to Serenity Funeral Home, LLC d/b/a Serenity-Autry Funeral Home ("Serenity").

On September 23, 2006, Guardian filed its complaint for interpleader with this Court. In the complaint, Guardian requests that this Court determine to whom the Plan benefits should be paid. Guardian claims no interest in the benefits other than its desire to recover attorney's fees and costs for this action. Guardian's complaint further states that "Guardian is now and has at all times been willing, ready, and able to pay the person or persons legally entitled to receive the subject group life insurance proceeds and will deposit with the Clerk of the Court the entire amount of life insurance proceeds payable, plus interest and less any applicable deduction, as soon as the Court approves of said deposit."

On October 31, 2016, Guardian filed the present motion. In the motion, Guardian requests "that the Court enter an order authorizing the Clerk of the Court to accept into the registry of the Court and to deposit into an interest-bearing account the sum of Twenty-Five Thousand Dollars ($25,000), representing the entire amount of subject benefits payable under the Policy, plus interest." Guardian further requested that the Court issue an injunction "restraining the Defendants . . . from asserting, instituting or prosecuting any and all demands, claims, actions or causes of actions against Guardian, the Plan, and Wilder Fitness with regard to [the Plan]."

On November 17, 2016, this Court issued an order [7] concerning the motion. In the order, the Court stated that "the clerk of court is authorized to accept from Guardian the full disputed amount. Once Guardian makes the deposit with the clerk of court, the jurisdictional prerequisites will be satisfied and the Court can properly consider Guardian's request for a preliminary injunction." The order further instructed that "[u]pon making the deposit, Guardian shall inform the Court, and the Court will take up its request for a preliminary injunction at that

time." Guardian deposited the disputed funds on November 22, 2016, and informed the Court that it had done so. Thus, the Court now turns to its request for a preliminary injunction.

As previously mentioned, Guardian requests that the Court issue an order "restraining the Defendants . . . from asserting, instituting or prosecuting any and all demands, claims, actions or causes of actions against Guardian, the Plan, and Wilder Fitness with regard to [the Plan]." Guardian states that an injunction will serve the purpose of "prevent[ing] it from being subjected to multiplicity of actions, multiple liability or inconsistent determinations."

28 U.S.C. § 2361 provides, in pertinent part:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. . . Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361. Moreover, "[a] district court in which an interpleader action is properly brought is specifically authorized to enjoin all claimants from instituting or prosecuting any proceeding in any state or federal court affecting the property, instrument or obligation involved in the interpleader action under further order of the court." *Mid-American Indem. Co. v. McMahan*, 666 F.Supp. 926, 928 (S.D. Miss. 1987) (citing 28 U.S.C. § 2361). Thus, the plain language of the statute, along with case law, makes clear that the Court retains authority to issue the injunction Guardian requests so long as the action is properly before it.

In order to determine if the action is properly before it, the Court turns to the federal interpleader statute—28 U.S.C. § 1335, which provides in pertinent part:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession

3

> money or property of the value of $500 or more . . . or being under any obligation written or unwritten to the amount of $500 or more, if [t]wo or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property . . .

28 U.S.C. § 1335(a)(1).  The Court finds that the statute is satisfied here.  There is more than $500 in dispute, as the insurance proceeds at issue in the case total $25,000.  Additionally, the parties claiming an interest in the proceeds—Pegram and Boles—are of diverse citizenship, as Pegram is a North Carolina citizen and Boles is a Mississippi citizen.  Therefore, the Section 1335 prerequisites are satisfied, and this case is properly before the Court.

Having determined that this action is properly before it, the Court will now consider Guardian's request for injunctive relief.  As stated above, 28 U.S.C. § 2361 "specifically authorizes a district court in which an interpleader action is properly brought to discharge a plaintiff and permanently enjoin all claimants from instituting or prosecuting any proceeding in any state or federal court affecting the property, instrument or obligation involved in the interpleader action until further action of the court." *Shelter Life Ins. Co. v. Stallard*, 2010 WL 200013, at *4 (S.D. Miss. Jan. 14, 2010) (citing 28 U.S.C. § 2361; *Advantage Title Agency, Inc. v. Rosen*, 297 F.Supp.2d 536 (E.D.N.Y. 2003)).  Taking into account that Guardian has deposited the disputed amount into the registry of the Court and that Guardian claims no interest in those funds, along with statutory authority and precedent providing that the Court retains authority to issue the injunctive relief Guardian requests, the Court finds that the motion should be granted.

Accordingly, all defendants, along with their agents, attorneys, successors, personal representatives, heirs, devisees, legatees, and assigns, are hereby enjoined from instituting or prosecuting any separate proceeding in any court, state or federal, concerning the proceeds of the Plan.

SO ORDERED, this the 20th day of January, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**